IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON R. GRANDE,<br><br>Petitioner,<br><br>v.<br><br>MARILYN BROOKS, et al.,<br><br>Respondents. | Civil Action No. 07-1317<br><br>Judge McVerry<br>Magistrate Judge Caiazza |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Leon R. Grande, a prisoner in state custody, be dismissed because it was filed beyond the applicable statute of limitations. A certificate of appealability should be denied.

### II. REPORT

#### A. BACKGROUND

The Petitioner, Leon R. Grande ("Grande" or "the Petitioner") tendered a plea of guilty to Third Degree Murder on April 20, 2001, pursuant to a plea agreement with the Commonwealth of Pennsylvania. Pursuant to the terms of the agreement, a First Degree Murder charge was *nolle prossed*. Grande killed his girlfriend by drowning her in a bathtub. He was sentenced to a minimum of twenty to a maximum of forty years

imprisonment; Grande's subsequent Motion for Reduction of Sentence was denied on June 26, 2001. He did not file a direct appeal.

Next, Grande filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA")[1] on May 2, 2002. This petition was denied, and the Pennsylvania Superior Court, after a remand for an evidentiary hearing, affirmed the denial of PCRA relief on September 22, 2004 (Doc. 11, Ex. AA). Grande did not seek an allowance of appeal in the Supreme Court of Pennsylvania.

While his first PCRA appeal was pending, Grande filed a second PCRA petition on April 26, 2004 in which he asserted that he was entitled to relief on the basis of newly-discovered evidence in the form of a Food and Drug Administration ("FDA") advisory issued on March 22, 2004, regarding Zoloft, a drug he was taking at the time of the offense. His second PCRA petition was denied, and the Superior Court affirmed the denial of relief on February 24, 2006. Grande's subsequent Petition for Allowance of Appeal was denied by the Supreme Court of Pennsylvania on November 21, 2006. The instant federal habeas petition was filed on September 28, 2007. Grande now asserts that counsel was ineffective for recommending that he plead guilty. He also asserts that the newly-discovered evidence "would have changed the outcome of this case." (Doc. 4, p. 6).

---

[1] 42 Pa. Cons. Stat. § 9541, et seq.

B. **THE STATUTE OF LIMITATIONS**

Federal habeas corpus petitions challenging state sentences under 28 U.S.C. § 2254 are subject to the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, April 24, 1996, codified at 28 U.S.C. §2244(d). The statutory period runs from the **latest** of two dates; the date the conviction becomes final, or -where a claim of after-discovered evidence is made- the date on which the Petitioner should have become aware of the factual predicate for the claim. See 28 U.S.C. §2244(d)(1)(A, D). In Fielder v. Varner, 379 F.3d 113, 118-122 (3d Cir.2004), cert. denied Fielder v. Lavan, 543 U.S. 1067 (2005), the court held that § 2244(d)(1)'s one-year statute of limitations must be applied on a claim-by-claim basis, and not to an application as a whole with the latest accruing claim governing. Hence, the timeliness of Grande's ineffective assistance claim, which was raised in his first PCRA petition, must be considered separately from his claim of after-discovered evidence -which was first raised in his second PCRA proceeding.

1. The Ineffective Assistance Claim.

To determine whether Grande's ineffective assistance claim is timely filed, the court must first determine the date direct review concluded and the judgment became "final". See 28 U.S.C. § 2244(d)(1)(A). Second, the court must determine whether any

"properly filed" applications for collateral relief tolled the limitations period. See 28 U.S.C. § 2244(d)(2). Third, the court must determine whether another statutory exception or equitable tolling is applicable.

Grande's conviction became final on July 26, 2001, when his right to file a direct appeal expired. See Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). The instant petition was filed on September 28, 2007, making his claim of ineffective assistance untimely by several years.

Next, the court must determine whether Grande is entitled to any available "tolling" provisions with respect to his ineffective assistance claim. See 28 U.S.C. § 2244(d)(2). Grande's initial PCRA petition was pending from May 2, 2002, until October 24, 2004, when his right to seek review of the Superior Court's order affirming the denial of PCRA relief expired. See, Swartz, 204 F.3d at 420 (the time a collateral appeal is "pending" includes the time during which a petitioner may seek discretionary state court review, whether or not review is actually sought). Grande also had a second PCRA proceeding pending from April, 2004, until November 21, 2006. He is entitled to exclude the entire period from May 2, 2002, through November 21, 2006 from the calculation of the limitations period.

Therefore, the limitations period first began to run on July 26, 2001. Grande took no action until he filed his first PCRA petition on May 2, 2002, at which point 280 days of countable time had already elapsed. His last state court PCRA proceeding concluded on November 21, 2006, when the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal from the denial of his second PCRA petition. The limitations period ran again from that date until this federal habeas petition was filed on September 28, 2008, a period of 311 days. Taking into consideration all excludable time, 591 days elapsed between the date Grande's conviction became final and the date he filed his federal habeas petition. If no exceptions are relevant here, Grande's claim is untimely.

Nothing in the record indicates that Grande is entitled to take advantage of any exception to the one year limitations period. Specifically, he has failed to show that his claim is based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; nor has he shown that his ineffective assistance claim is based on a factual predicate that could not have been discovered through due diligence. See 28 U.S.C. § 2254(d)(1)(C-D). Finally, nothing in this record indicates that the doctrine of equitable

tolling is applicable here.[2] Grande's ineffective assistance claim is barred as untimely.

   2. <u>The Newly-Discovered Evidence Claim</u>.

Grande asserts that a March 22, 2004, FDA advisory is newly-discovered evidence which entitles him to withdraw his guilty plea. Grande was taking Zoloft at the time he committed the murder. In the 2004 advisory, the FDA "advised physicians and caregivers about the need to monitor *all* patients taking Zoloft, and other drugs, for the onset of other behavior known to be associated with these drugs, such as anxiety, agitation, panic attacks, insomnia, irritability, hostility, impulsivity, akathisia, hypomania and mania [and] recommended that manufacturers include stronger warnings about the need to monitor patients taking these drugs for worsening of depression and the start of suicidal ideation." (Doc. 11, Resp't's Ex. II, pp. 6-7)(emphasis in original).

The limitations period for any claim premised upon the FDA

---

[2] The one-year limitation period in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." <u>Id</u>. at 618-19 (internal citations, quotations, and punctuation omitted). A review of the record does not disclose any extraordinary circumstances beyond Grande's control that account for his failure to have filed his habeas petition in a timely manner with respect to his ineffective assistance claim.

advisory began to run on March 22, 2004, when the information became public, but was tolled during the pendency of Grande's second PCRA proceeding from April 26, 2004, until November 21, 2006, when the Pennsylvania Supreme Court denied his allowance of appeal request. This claim is timely made since only 346 days of countable time elapsed before this federal habeas petition was filed (35 days between March 22, 2004 and April 26, 2004, and an additional 311 days from November 21, 2006 until September 28, 2007)[3].

C. **THE MERITS OF THE NEWLY-DISCOVERED EVIDENCE CLAIM**.

A federal court may not issue the writ unless it concludes that the state court's adjudication resulted in a decision that was "contrary to" or an "unreasonable application of" clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 411 (2000)("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.").

Here, the Pennsylvania courts reviewed the Petitioner's

---

[3] The Court is also satisfied that state court remedies have been exhausted with respect to this claim, and that it has not been procedurally defaulted. Hence, the claim may be addressed on its merits, as it was in the state courts.

newly-discovered evidence claim under the following standard:

> "To succeed on such a claim, the petitioner must establish that: (1) the evidence has been discovered after the trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) such evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) such evidence would likely compel a different verdict."

(Doc. 11, Resp't's Ex. II, p. 10). Following their review, the state court determined that the FDA advisory was not "new" evidence because Grande's trial attorney had introduced evidence at sentencing in the nature of case studies involving individuals who committed homicides while on Zoloft (Id., p. 11). Therefore, the issue of whether the Plaintiff's medication impacted his defense was considered prior to his guilty plea, and is not a "new" fact. Further, the state court held that "there is no basis upon which to conclude that the [FDA's] findings negate an element of either first or third degree murder or provide a legal defense to either crime." (Id., p. 12). The state court determined that the FDA advisory added nothing to "what was already argued on [Grande's] behalf as a mitigating factor at his plea and sentencing." (Id.).

This court's task is to determine whether the state court's analysis is contrary to, or an unreasonable application of, federal precedent. In the federal courts, a new trial on the basis of newly discovered evidence is warranted only if: (1) the evidence must be "newly discovered," that is, discovered since

-8-

trial; (2) the court must be able to infer diligence on the movant's part; (3) the evidence cannot merely be cumulative or impeaching; (4) the evidence must be material to the issues involved; and (5) it must be of such a nature that, at a new trial, the evidence would produce an acquittal. United States v. Jasin, 280 F.3d 355, 361 (3d Cir.2002) (citing United States v. Iannelli, 528 F.2d 1290, 1292 (3d Cir.1976)). Thus, the federal standard is, in all relevant respects, identical to the one applied by the state court in this case. Here, it is clear that the very issue addressed by the FDA advisory, *i.e.*, the likelihood that Zoloft may cause mood swings was a matter explored by defense counsel, and made known to Grande prior to his guilty plea. Thus, the FDA advisory is evidence cumulative of information which was available to Grande and his counsel at the time the plea was entered. Such evidence does not warrant relief, and the state court's resolution of this issue is entirely consistent with applicable federal law.

## D. **CERTIFICATE OF APPEALABILITY**

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. See 28 U.S.C. §2254(c)(2). No such showing has been made in this case. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

The Petition for Writ of Habeas Corpus filed by Leon Grande should be dismissed, and a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 6, 2008.

s/ Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge

May 21, 2008

cc:
LEON R. GRANDE
EQ-9182
SCI Albion
10745 Rt. 18
Albion, PA 16475